Avery, J.
The question first to be settled is, whether this bill can be sustained. And for De Wolf, it is insisted that his title to the land described in the bill, is absolute and in fee simple, and not as a mortgagee. That Humphrey’s right is barely by contract as a purchaser, and therefore the purchase money must be paid before the vendor can be called upon in equity to part with his title. But upon the supposition, that De Wolf holds the land only as mortgagee, that the mortgage debt embraces more than legal interest, and that the debt can be reduced to principal and legal interest, then it is claimed that the bill must be dismissed, because no offer has been made to pay the amount admitted to be due.
However correct may be the positions assumed, as between the actual parties in the transaction, if they were alone before the Court, and litigation between themselves, they cannot be sustained in a case like the present.
Tliis Bill is filed by a judgment creditor under the “act directing the mode of proceeding in Chancery,” and by virtue of the 16th section of the act; Swan’s Statutes, 704. That section provides, that when the judgment debtor has not personal or real estate subject to the levy of an execution, but has “ any equitable interests in real estate as mortgagor, mortgagee or otherwise,” the same may be subjected in Chancery to the payment of said judgment. And the Courts shall decree sales, to vest in every person purchasing under such decree, all the right, title arid interest, of said debtor. The answer admits that Humphrey, the judgment debtor, has an equitable interest in the land. So that a clear case is made for relief under the statute.
But the extent and sufficiency of the relief and the several rights of the parties to be settled by the decree, must depend upon the facts of the case, and the principles applicable to the facts as found ; and in this view, it is of consequence to determine whether the interest of Humphrey in the land, is that of mortgagor or purchaser. If of a purchaser only, then the debt is the contract price of the land, and no question of illegal in *339 terest can arise. A different principle 'may be applied in the case of a mortgage. ° °
. We have examined the answer and depositions upon subject, and find proof which is satisfactory to us, that the transactions between these parties is to be regarded as a mortgage ; and a mortgage securing a debt with annual interest at ten per cent. This interest has not been paid, but has been added yearly to the principal. Now if the controversy were between the parties to the mortgage, according to repeated decisions of this Court, the illegal interest would be deducted from the amount of the debt. Can the rule be applied to the parties as now before the Court ?
It is urged, that the right to be exempted from paying over six per cent, interest, is a personal privilege, not to be enforced, except at the request of the party who had contracted to make such payment. But a Court of equity cannot, in the proper exercise of its jurisdiction, decree the payment of illegal interest, when the fact is distinctly shown in the evidence. Besides, in this case, at the instance of a third person, the law brings both these parties into Court as defendants, without any agency of theirs, and undertakes to determine and dispose of all the equitable interest belonging to one of these defendants. This decision is final between the parties. No subsequent investigation or settlement of the matter can take place in any future suit between them.
In settling the amount of Humphrey’s debt, in order to determine his equitable interest in the land, all illegal interest will be deducted. But as it was the purpose of the parties, and generally carried into execution, to renew the note every year, annual interest has been secured according to their dealings, and that arrangement ought not to be disturbed. The cause will be referred to a master, with directions to state an account between the parties, and ascertain the amount due after all payments, offsetts and deductions; and to report the sum due and the value of the equitable interest, to the Supreme Court in the county at their next term. Cause remanded to the Supreme Court of the county.